Opinion issued August 21, 2009 










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00478-CV






GALLAGHER HEALTHCARE INSURANCE SERVICES, Appellant


V.


PAGE M. VOGELSANG, Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2006-11123






DISSENTING OPINION


 The majority erroneously concludes that appellant, Gallagher Healthcare
Insurance Services ("GHIS"), "presented summary judgment evidence to show that
its confidential information was an interest worthy of protection" in its breach of
employment contract claim against appellee, Page M. Vogelsang. Thus, the majority
errs in holding that the covenant-not-to-compete clause of the contract is enforceable
and that the trial court erred in entering summary judgment in favor of Vogelsang. 
Accordingly, I respectfully dissent.

 In Texas, an agreement not to compete is enforceable only if it is "ancillary to
or part of an otherwise enforceable agreement at the time the agreement is made,"
imposes "limitations as to the time, geographical area, and scope of activity to be
restrained that are reasonable," and does not "impose greater restraint than is
necessary to protect the goodwill or other business interest" of the employer. Tex.
Bus. & Comm. Code Ann. § 15.50 (Vernon 2002). An agreement not to compete is
unreasonable, and therefore unenforceable, when it is not necessary to protect a
"legitimate business interest." DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 684
(Tex. 1990). 

 In support of its conclusion that the information that GHIS provided to
Vogelsang is "protected confidential information," the majority relies upon the
affidavit testimony of the president of GHIS, Phillip E. Reischman, and emphasizes:

 According to its summary judgment evidence, GHIS's confidential
information (1) took years to acquire; (2) is only shared with employees
and agents of GHIS on a "need to know basis"; (3) is not "readily
ascertainable by its competitors; and (4) gives GHIS "a valuable
competitive advantage in the insurance brokerage industry." Moreover,
GHIS (1) spent substantial time and resources developing and acquiring
the information and (2) takes reasonable precautions in preventing the
disclosure of the confidential information.


However, GHIS's evidence, even the evidence emphasized by the majority above,
does not establish that an agreement by Vogelsang not to compete with GHIS was
"necessary to protect any legitimate business interest" or that "the necessity of such
protection outweighs the hardship of [the] agreement" on Vogelsang. See DeSantis,
793 S.W.2d at 684. 

 In DeSantis, the Texas Supreme Court concluded that an agreement not to
compete between DeSantis, an employee, and Wackenhut, his employer, was
unreasonable and, therefore, unenforceable. Id. The court explained that because
such agreements are restraints on trade, they are unenforceable unless they are
"reasonable." Id. at 681. An agreement not to compete is not a reasonable restraint
on trade unless (1) the agreement is ancillary to an otherwise valid transaction or
relationship, (2) the restraint must not be greater than necessary to protect the
promisee's legitimate interest, and (3) the promisee's need for the protection must not
be outweighed by either the hardship to the promisor or any injury likely to the
public. Id. at 681-82. 

 The legal issues in DeSantis involved whether the agreement not to compete
was "necessary to protect some legitimate interest of Wackenhut, and whether that
necessity was outweighed by the hardship of enforcement." Id. at 683. Wackenhut 
argued that its "confidential information" was "protectable" because "during his
employ, DeSantis learned the identity of Wackenhut's customers, their special needs
and requirements, and Wackenhut's pricing policies, cost factors and bidding
strategies." Id. at 684. The court rejected Wackenhut's argument, explaining:

 . . . [W]hile confidential information may be protected by an agreement
not to compete, Wackenhut has failed to show that it needed such
protection in this case. Wackenhut failed to show that its customers could
not readily be identified by someone outside its employ, that such
knowledge carried some competitive advantage, or that its customers'
needs could not be ascertained simply by inquiry addressed to those
customers themselves. Also, Wackenhut failed to show that its pricing
policies and bidding strategies were uniquely developed, or that
information about its prices and bids could not, again, be obtained from
the customers themselves. There is no evidence that DeSantis ever took
advantage of any knowledge he had of Wackenhut's cost factors in trying
to outbid Wackenhut or woo away its customers. Wackenhut simply has
not demonstrated a need to protect any confidential information by
limiting DeSantis' right to compete.


Id. 

 Although the business jargon used by GHIS in its summary judgment evidence
is somewhat more sophisticated than that used by Wackenhut in DeSantis, much of it
is conclusory. See id. Additionally, GHIS, like Wackenhut, has not demonstrated a
need to protect any confidential information by limiting Vogelsang's right to compete. 
See id. Just because it took GHIS years to acquire and compile information about its
customers and it shared this information with employees and agents of GHIS only on
a "need to know basis" does not make the information "protectable." Nor does the fact
that the compilation of the information somehow gives GHIS a competitive advantage
make the information "protectable." 

 The critically important fact remains that GHIS has not demonstrated that the
identity of its customers and the information about its customers cannot readily be
obtained by others outside of GHIS. See id. Nor has GHIS demonstrated that the
information about its customers cannot be "ascertained simply by inquiry addressed
to the customers themselves." See id. Also, like Wackenhut, GHIS has not shown that
information about its prices cannot be obtained from the customers themselves. See
id. Moreover, GHIS did not offer evidence explaining how its compiled information
gives it a competitive advantage or that Vogelsang has actually used any of the
compiled information. See id. 

 










 Thus, the summary judgment evidence does not establish that GHIS's
"confidential information" is worthy of protection and that the non-compete agreement
between Vogelsang and GHIS is necessary to protect a legitimate business interest of
GHIS. Accordingly, I would hold that GHIS has not established that the agreement
not to compete is reasonable and therefore enforceable. See id.; see also Tex. Bus. &
Comm. Code Ann. § 15.50. I would further hold that the trial court did not err in
granting summary judgment in favor of Vogelsang, and I would affirm the judgment
of the trial court.


 




 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

Justice Jennings, dissenting.